[No. B119634. Second Dist., Div. Seven. Dec. 1, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
NICHOLAS ECK, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and Proceedings Below and parts I through IV of the Discussion.

## COUNSEL

Rowan K. Klein for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Mitchell Keiter, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—A jury convicted appellant Nicholas Eck of two counts of attempted murder (Pen. Code, §§ 664/187, subd. (a)),[1] and of two counts of assault with a deadly weapon (§ 245, subd. (a)(2)). The jury also found true allegations appellant personally used a firearm in the commission of the offenses (§ 12022.5, subd. (a)), personally inflicted great bodily injury (§ 12022.7, subd. (a)), discharged a firearm from a vehicle with the intent to inflict great bodily injury or death, and that he inflicted such injury or death (§ 12022.55).

Appellant appeals claiming he is entitled to a new trial because counsel rendered ineffective assistance by failing to object to "other crimes" evidence of a prior shooting by appellant; by failing to request a limiting instruction regarding the use of gang evidence; by failing to move to exclude evidence of a 911 tape recording which contained inadmissible hearsay; and, by failing to object to testimony explaining the meaning of the C.R.A.S.H. acronym—Community Resources Against Street Hoodlums.

Appellant also claims the trial court committed reversible error in admitting gang evidence without holding a formal Evidence Code section 402 hearing regarding its admissibility; in failing to order the prosecution to produce requested discovery regarding gang evidence; in admitting evidence of gang rivalry; and, in excluding impeachment testimony from a defense investigator. Finally, appellant argues the trial court erred in failing to stay punishment on the three-year great bodily injury enhancement (§ 12022.7, subd. (a)) where punishment had already been imposed on the enhancement for intending to inflict and inflicting great bodily injury or death by discharging a firearm from a vehicle (§ 12022.55).

We find the errors complained of were not prejudicial and therefore affirm the convictions. However, we modify the judgment to stay punishment on the duplicative and lesser enhancement for infliction of great bodily injury. (§ 12022.7, subd. (a).)

FACTS AND PROCEEDINGS BELOW*

. . . . . . . . . . . . . . . . . . . . . . .

---

[1]All further statutory references are to the Penal Code unless otherwise noted.
*See footnote, *ante*, page 759.

DISCUSSION

I.-IV.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

V. *Punishment on the Great Bodily Injury Enhancement Imposed Pursuant to Section 12022.7 Must Be Stayed Pursuant to Section 654.*

■   Appellant argues the trial court erred in imposing multiple punishments for inflicting great bodily injury. Appellant's contention has merit.

Section 12022.55 provides for a sentence enhancement of five, six or ten years for intentionally inflicting great bodily injury or death by discharging a firearm from a motor vehicle. This section provides: "Notwithstanding Section 12022.5 [enhancement for personal use of a firearm], any person who, with the intent to inflict great bodily injury or death, *inflicts great bodily injury, as defined in Section 12022.7*, or causes the death of a person, other than an occupant of a motor vehicle, as a result of discharging a firearm from a motor vehicle in the commission of a felony or attempted felony, shall, upon conviction of the felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for 5, 6, or 10 years." (Italics added.)

Section 12022.7, subdivision (a) provides for a three-year enhancement for personally inflicting great bodily injury in the commission or attempted commission of a felony. This provision states: "(a) Any person who personally *inflicts great bodily injury* on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he or she is convicted." (Italics added.)

It would appear the purpose of both enhancements is to punish the intentional infliction of great bodily injury, but that section 12022.55 imposes a longer term when great bodily injury or death results from discharging a firearm from a motor vehicle. (See, e.g., *In re Sergio R.* (1991) 228 Cal.App.3d 588, 599 [279 Cal.Rptr. 149] ["It is therefore apparent, and we

---

*See footnote, *ante*, page 759.

hold, that the phrase 'intent to inflict great bodily injury' in section 12022.55 has the same meaning as it has in section 12022.7."].)

Thus, it would further appear the lesser enhancement prescribed by section 12022.7 is subsumed into section 12022.55 which, when applicable, provides for the greater punishment for the same infliction of great bodily injury. This being the case, section 654 bars multiple punishment for the same act, and the lesser punishment in this case provided by section 12022.7 must be stayed.[7]

The People claim punishment under both provisions is proper. They argue drive-by shootings pose special problems for society beyond those created by other crimes which cause injury or death. This is a proposition with which few could disagree. It is no doubt for this reason section 12022.55 provides for greater punishment when great bodily injury or death results from discharging a firearm from a motor vehicle. It is also no doubt why the Legislature made an exception for additional punishment for personal use of a firearm and exempted enhancements under section 12022.5 from the multiple punishment bar of section 654. The statute contains no similar exemption for multiple punishments for great bodily injury, although section 12022.55 is itself evidence the Legislature knew how to create one if it had intended to do so.

No reported decision of which we are aware has construed the proper interplay of the two enhancement provisions.[8] It is possible the issue has not arisen in earlier cases because trial courts have on their own, or by statutory directive, stayed the three-year punishment under section 12022.7 when imposing the greater punishment under section 12022.55.[9] For example, in *People* v. *Myers* (1997) 59 Cal.App.4th 1523, 1528 [69 Cal.Rptr.2d 889] the trial court imposed a term of six years on the section 12022.55

[7]Section 654 prohibits punishment for more than one violation arising out of an act or omission which is made punishable in different ways by different statutory provisions.

[8]The legislative history of section 12022.55 is not illuminating. On August 31, 1987, it was added in essentially its present language as an amendment to Assembly Bill No. 766 (1987-1988 Reg. Sess.) pertaining primarily to the forfeiture of vehicles used in drive-by shootings. Less than a month later it became effective as emergency legislation on September 26, 1987. (Stats. 1987, ch. 1147, § 2, p. 4059; *Review of Selected 1987 California Legislation* (1987) 19 Pacific L.J. 575-576.) In adding the amendment in the Senate the legislative staff reported the amendment would "[c]reate a five-year sentence enhancement for inflicting great bodily injury as the result of discharging a firearm from a motor vehicle at someone other than an occupant of a vehicle." (Legis. Counsel's Dig., Sen. Conc. Amends. to Assem. Bill No. 766 (1987-1988 Reg. Sess.).) Italics omitted.)

[9]Former section 1170.1, subdivision (e) restricted imposition of enhancements such as those involved in the case at bar to only the greatest enhancement for any single offense. For years prior to 1998 section 1170.1, subdivision (e) provided: "When two or more enhancements under Sections 12022, 12022.4, 12022.5, *12022.55, 12022.7* and 12022.9 may be imposed for any single offense, only the greatest enhancement shall apply. . . ." (Added by

enhancement but stayed punishment on the three-year enhancement under section 12022.7 pursuant to section 654. (See also *People* v. *Dominguez* (1992) 4 Cal.App.4th 516, 518 [6 Cal.Rptr.2d 55] [trial court imposed a five-year enhancement under section 12022.55 but stayed punishment on the section 12022.7 enhancement pursuant to section 654]; *In re Sergio R., supra,* 228 Cal.App.3d at p. 594 [trial court ordered the enhancement under section 12022.7 "merged" with the punishment of 25 years to life imposed for the first degree murder conviction]; *People* v. *Jones* (1991) 234 Cal.App.3d 1303, 1310 [286 Cal.Rptr. 163] [punishment imposed under section 12022.55 but separate punishment under section 12022.7 stayed under section 654].)

In 1997 the Legislature entirely rewrote section 1170.1 concerning punishment on multiple convictions, consecutive sentences, aggregate terms, enhancements and the like. (Stats. 1997, ch. 750, § 3.) The Legislature added a new subdivision (g) to provide "[w]hen two or more enhancements may be imposed for the *infliction of great bodily injury* in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for being armed with or using a dangerous or deadly weapon or firearm." (Italics added.) This provision was operative at the time of sentencing in this case in 1998.[10]

In sum, the foregoing leads us to the conclusion the Legislature did not intend to permit multiple punishments under different statutes for the same great bodily injury inflicted in the commission of the same offense. Accordingly, we will order stayed the punishment on the three-year enhancement imposed under section 12022.7 for the attempted murder conviction on count I.

---

Stats. 1988, ch. 1487; § 2, p. 5273, italics added.) Thus, multiple punishments for great bodily injury were statutorily prohibited in this case even prior to the 1997 amendment to section 1170.1.

[10]We permitted the parties to file letter briefs on the issue whether section 1170.1, subdivision (g) barred multiple punishments for great bodily injury in this case. Appellant argued that under principles announced in *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948] the 1997 amendment to section 1170.1 should apply retroactively to his case because it ameliorated punishment. The People, by contrast, argued the provision should not be applied retroactively because the Legislature has instead manifested an intention to punish perpetrators of drive-by shootings more severely. We find neither side's argument persuasive, especially since the pre-amended version of section 1170.1 similarly provided for imposition of only the greatest punishment when a defendant was eligible for more than one great bodily injury enhancement arising from the same act. (Former § 1170.1, subd. (e) as amended by Stats. 1997, ch. 750, § 3; see fn. 9, *ante.*)

## DISPOSITION

The three-year enhancement imposed pursuant to Penal Code section 12022.7, subdivision (a) on count I is ordered stayed. In all other respects the judgment is affirmed. Upon issuance of the remittitur the superior court shall cause its clerk to prepare an amended abstract of judgment and to forward it to the Department of Corrections.

Lillie, P. J., and Neal, J., concurred.

A petition for a rehearing was denied December 30, 1999, and appellant's petition for review by the Supreme Court was denied March 15, 2000.